**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Frederick SHERMAN,
Defendant–Appellant.**

No. 89–50552.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Submission Deferred Oct. 9, 1990.

Resubmitted Oct. 31, 1990.

Decided March 18, 1991.

Kevin R. Brehm, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Robert R. Calo, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.

BOOCHEVER, Circuit Judge:

## OVERVIEW

David Frederick Sherman pled guilty to five counts of bank robbery and attempted bank robbery. His sentence was adjusted under the career offender provisions of the Sentencing Guidelines for having two prior convictions for crimes of violence. He appeals this adjustment, arguing that the district judge erred in determining that a prior state conviction for "burglary in the first degree using a firearm" was a crime of violence under § 4B1.2 of the Guidelines. We affirm.

## BACKGROUND

On July 14, 1989, Sherman pled guilty to five of fifteen counts of bank robbery and attempted bank robbery. In applying the Sentencing Guidelines in its presentence report, the Probation Office calculated that Sherman's total offense level was 32, his criminal history category was VI, and, thus, his imprisonment range was 210–262 months.

Sherman challenges the determination that he is a career offender having at least two prior felony convictions for crimes of violence. Specifically, Sherman contests the conclusion his 1978 conviction for burglary of the Boise Holiday Inns manager's office constitutes a crime of violence under the Guidelines.

The district court initially characterized the hotel burglary as a burglary of a nondwelling. Although it believed that a Guidelines' application note ordinarily proscribed treating nondwelling burglaries as crimes of violence, the court nonetheless concluded that the facts of Sherman's burglary, namely the use of a sawed-off shotgun in its perpetration, converted the offense into a crime of violence. As a result, Sherman was sentenced to a 210–month term of imprisonment and a three-year term of supervised release.

## DISCUSSION

We review *de novo* challenges to the proper application of the Guidelines. *See United States v. Williams,* 891 F.2d 212, 214 (9th Cir.1989) (citation omitted), *cert. denied,* — U.S. —, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990).

Under the Guidelines, "[a] defendant is a career offender if (1) the defendant was at

least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." United States Sentencing Commission, *Guidelines Manual*, § 4B1.1. The sole issue on appeal pertains to the last of these conditions—specifically, whether Sherman's Idaho burglary constitutes a crime of violence.

At the time of Sherman's sentencing § 4B1.2(1) referred to 18 U.S.C. § 16 for the definition of "crime of violence." Section 16 provided that:

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (1988).[1] The Sentencing Commission interpreted § 16 to mean that

> murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson or robbery are covered by [18 U.S.C. § 16(a)]. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of force would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary

of a dwelling would be covered; conviction for burglary of other structures would not be covered.

§ 4B1.2, Application note 1 (Nov. 1988).

Sherman contends that, because the application note considers convictions for burglaries of nondwellings uncovered, the district judge erred in determining that the burglary of a nondwelling was a crime of violence even though it involved the use of a firearm. Sherman insists that it was an error for the judge to consider the underlying conduct and particular circumstances of his burglary in assessing whether the burglary involved a substantial risk that physical force would be used in committing the offense. He reads the career offender provisions to require a categorical approach in determining whether a prior conviction is a crime of violence.

■ After we heard argument in this case, we decided *United States v. Becker*, 919 F.2d 568 (9th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). In *Becker* we held that "we do not look to the specific conduct which occasioned [a defendant's prior] convictions, but only to the statutory definition of the crime." *Id.* at 570. We further noted that by doing so we adopt the "so-called 'categorical' approach that the Supreme Court has held is appropriate for determining whether someone is a career criminal under the Armed Career Criminal Act...." *Id.* (citation omitted).

While Sherman criticizes the government for adopting a fact-based rather than categorical approach, he does the same when it behooves him. He looks to the underlying facts of his conviction to characterize his offense as burglary of a nondwelling.[2] Yet

---

**1.** As of November 1, 1989, the Guidelines no longer incorporate 18 U.S.C. § 16's definition of crimes of violence. Thereafter, "crime of violence" has been defined to mean "any offense under federal or state law punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2 (effective Nov. 1, 1989).

The amendment, however, has no application to this case as it was not in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(4) (1988).

**2.** Because it is unnecessary to the resolution of this case, we do not decide whether a burglary that takes place in a hotel, albeit in the office, constitutes a nondwelling burglary. However, we do note in passing that, because hotels are in the business of housing overnight guests, many of the reasons that make traditional dwelling burglaries dangerous seem likewise present here.

in *Becker* we clearly proscribed a fact-based approach. We noted that "the categorical approach looks to the 'particular provision of a statute' under which the defendant was convicted." *Becker,* at 570 (citation omitted).

■ Sherman was convicted of "burglary in the first degree using a firearm." Contrary to his implied contention, Idaho law does not distinguish between dwelling and nondwelling burglaries. Burglary is defined under Idaho law as follows:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

Idaho Code § 18-1401 (1987). First degree burglary is simply any burglary committed in the nighttime. *Id.* at § 18-1402. While the burglary provisions do not contain any reference to the use of a firearm during the commission of a burglary, it appears that another count of the Idaho state indictment, for possession of a firearm during the commission of a crime, *see id.* at § 19-2520, was subsumed into the count to which Sherman pled guilty. Section 19-2520 imposes additional imprisonment to be served consecutively upon persons convicted of certain crimes, including burglary, who "displayed, used, threatened, or attempted to use a firearm" during its commission.

The Idaho courts have noted consistently that § 19-2520 "does not define or create a separate offense, but is merely a sentence enhancing statute that comes into play after a defendant is convicted of one of the enumerated offenses." *State v. Galaviz,* 104 Idaho 328, 658 P.2d 999, 1000–1001 (App.1983) (citation omitted); *see also State v. Smith,* 103 Idaho 135, 645 P.2d 369, 371 (1982); *State v. Baruth,* 107 Idaho 651, 691 P.2d 1266, 1274 (App.1984). Be-

cause we must look to the statute of conviction to decide whether a particular offense is a "crime of violence," we must first decide what the relevant statutory provision of conviction is. Sherman seems to contend that we may not look to the firearm charge because it relates to an enhancement provision.

We disagree. Instead, we conclude that in determining the statutory scope of the underlying offense we may properly characterize the crime, as did the judgment of conviction, as "burglary in the first degree using a firearm." As the conviction specifically implicates § 19-2520, use of a firearm is expressly part of the offense of conviction. The mere fact that the Idaho legislature did not create a single offense criminalizing burglaries involving the use of a firearm does not compel a different result. Likewise, the fact that § 19-2520 is an enhancement provision is of no moment.[3] *Cf. May v. Sumner,* 622 F.2d 997, 999 (9th Cir.1980). Therefore, we must decide whether "burglary in the first degree using a firearm" constitutes a crime of violence.

In making that determination, we look to 18 U.S.C. § 16(b). It provides that a crime of violence is any felony that inherently involves "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The crime for which Sherman was convicted involves precisely such risk. Breaking into any building in the dead of night with a criminal intent and wielding a firearm creates very serious risks to both occupants of the building and law enforcement officials who become aware of the crime and seek to apprehend its perpetrator. *See, e.g., Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 2151, 109 L.Ed.2d 607 (1990) (recognizing that typical residential and even "professional commercial" burglaries present very seri-

---

**3.** Clearly, the Idaho legislature could have chosen to create two substantive burglary charges—one criminalizing burglaries involving the use of a firearm and the other involving no such additional element. If it had done so, and Sherman were convicted under the former provi-

sion, surely no objection would be raised to our considering whether "burglary involving a firearm" constitutes a crime of violence. The vagaries of legislative drafting techniques simply cannot alter that result.

ous dangers to those "who might be inadvertently found on the premises") (citation omitted). Analogously, we have noted that the use of a weapon, even if inoperable, creates grave risks because of the fear it instills in victims, and because of the increased chance that law enforcement officials will resort to armed response, thereby posing greater risk to the security of victims and bystanders. *See United States v. Martinez–Jimenez,* 864 F.2d 664, 666–667 (9th Cir.), *cert. denied,* 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

## CONCLUSION

Because "burglary in the first degree using a firearm" constitutes a crime of violence for purposes of the career offender provisions of the Guidelines, we find no error in the district court's sentencing. We, therefore, affirm.

AFFIRMED.