UNITED STATES of America,
Plaintiff–Appellee,

v.

Dennis Jay MORRISON, Defendant–
Appellant.

No. 91–10491.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 1992 *

Decided Aug. 5, 1992.

Will B. Mattly, Asst. U.S. Atty., Reno, Nev., for plaintiff-appellee.

Lawrence D. Wishart, Reno, Nev., for defendant-appellant.

Before: TANG, BEEZER, and KOZINSKI, Circuit Judges.

PER CURIAM:

Dennis Jay Morrison appeals the sentence imposed after his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Morrison contends that the district court

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

erred by sentencing him as a career offender because his prior conviction for aiding and abetting malicious destruction by use of explosives, in violation of 18 U.S.C. § 844(i), was not a crime of violence within the meaning of U.S.S.G. § 4B1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We review de novo the district court's application of the career offender provisions of the Sentencing Guidelines. *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). To be sentenced as a career offender, a defendant must have at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1. A crime of violence includes "any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii).

Here, the prior malicious destruction conviction involved the fire bombing of a truck. Morrison contends that offenses that involve use of explosives are not crimes of violence unless they also involve conduct that presents a serious potential risk of physical injury to another, and that the malicious destruction offense did not present such a risk.

Morrison cites *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for the proposition that, for purposes of sentencing provisions such as section 4B1.2(1)(ii), all burglaries are not crimes of violence. *See Taylor*, 495 U.S. at 598–602, 110 S.Ct. at 2158–2160 (burglary is a crime of violence under 18 U.S.C. § 924(e) if the statutory definition or charging paper and jury instructions require proof of certain generic elements); *United States v. Sherman*, 928 F.2d 324, 326–27 (9th Cir.) (same categorical approach applies in interpretation of section 4B1.2(1)(ii)), *cert. denied*, — U.S.—, 112 S.Ct. 133, 116 L.Ed.2d 100 (1991). Arguing by analogy, Morrison contends that not all crimes involving use of explosives are crimes of violence. He contends that he was convicted under a part of 18 U.S.C. § 844(i) that governs explosives offenses involving only damage to property, and therefore he was not convicted of an offense involving serious potential risk of physical injury to another. *See* 18 U.S.C. § 844(i) (providing for higher sentence "if personal injury results to any person").

■ We read *Taylor* to hold that while not all crimes resembling burglary are burglary, once a crime has been defined as burglary, it necessarily is a crime of violence. *See Taylor*, 495 U.S. at 597, 110 S.Ct. at 2157 ("Congress thought that certain general categories of property crimes—namely burglary, arson, extortion, and the use of explosives—so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person") (interpreting 18 U.S.C. § 924(e), which provides that a prior conviction is a crime of violence if it "is burglary"). Consistent with the categorical approach adopted by the Supreme Court in *Taylor* and followed by this court in *Sherman*, we decline to read into section 4B1.2(1) a requirement that offenses involving the use of explosives must actually expose a person to serious potential risk of physical injury before qualifying as crimes of violence for purposes of section 4B1.1.

■ Accordingly, because Morrison cannot argue that the fire bombing of the truck did not involve use of explosives, his contention lacks merit. *See* U.S.S.G. § 4B1.2(1); *Taylor*, 495 U.S. at 597, 110 S.Ct. at 2157–58; *Sherman*, 928 F.2d at 326–27.

■ Morrison was convicted as an aider and abettor in the malicious destruction; he played the role of lookout and did not personally handle the explosives. He contends that because he was vicariously liable and played only a minimal role in a proper-

ty offense, the district court erred by finding that the malicious destruction was a crime of violence as to him. This contention is foreclosed by the commentary to section 4B1.2, which states, "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n. 1).

AFFIRMED.