988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Douglas KILTS, Defendant-Appellant.
 No. 92-30252.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-382-1-FR; Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Kilts appeals his sentence imposed under the Sentencing Guidelines following entry of a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Kilts contends that the district court erred by sentencing him as a career offender when his 1986 Arizona burglary conviction was characterized by the state court as "non-dangerous". In the alternative, Kilts contends that the case should be remanded because the district court failed to resolve disputed issues concerning his request for a downward departure based on a criminal history which over-represented the seriousness of his criminal past. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and dismiss in part.
 
 
 3
 * Career Offender
 
 
 4
 Kilts contends that a 1986 Arizona conviction for second degree attempted burglary, relied on to find him a career offender for Guidelines' purposes, was not a crime of violence. This contention lacks merit.
 
 
 5
 We review de novo the district court's application of the career offender provision. United States v. Morrison, 972 F.2d 269, 270 (9th Cir.1992).
 
 
 6
 U.S.S.G. § 4B1.1 provides that a defendant is a career offender if the instant offense is a felony conviction for a crime of violence and the defendant has at least two prior felony convictions for crimes of violence. In determining whether a particular prior conviction is a crime of violence, we do not look at the defendant's specific conduct but apply a "categorical" approach by evaluating the crime based on its statutory definition. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991). Consistent with this categorical approach, a crime of violence need not "actually expose a person to serious potential risk of physical injury." Morrison, 972 F.2d at 270. "Burglary of a dwelling" is by definition a crime of violence under the Guidelines. U.S.S.G. § 4B1.2(1)(ii). Arizona Revised Statute 13-1507 provides that "[a] person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein."
 
 
 7
 Although the Arizona state court characterized Kilts' offense as "non-dangerous," Arizona's statutory definition of second degree burglary corresponds to "burglary of a dwelling". See U.S.S.G. § 4B1.2(1)(ii); A.R.S. § 13-1507. Further, the characterization as "non-dangerous" was used by the trial court only to describe the nature of his conduct. Kilt's actual conduct is of no moment. See Morrison, 972 F.2d at 270. Because Kilts was convicted in Arizona under a statute that defines the elements of "burglary of a dwelling," the district court properly considered this prior conviction as a crime of violence and did not err by sentencing Kilts as a career offender. See U.S.S.G. § 4B1.2(1)(ii); A.R.S. § 13-1507; Morrison, 972 F.2d at 270; Becker, 919 F.2d at 570.
 
 II
 Downward Departure
 
 8
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). A district court has discretion to depart downwards when sentencing a career offender if the criminal history category significantly over-represents the seriousness of the defendant's criminal history or likelihood to commit additional crimes. U.S.S.G. § 4A1.3 (policy statement); United States v. Lawrence, 916 F.2d 553, 554-55 (9th Cir.1990).
 
 
 9
 Here, the government at sentencing incorrectly argued that the district court had no discretion to depart on the basis of an over-represented criminal history. Kilts argued that the court did have discretion, and the district court apparently accepted Kilts' argument and exercised its discretion.[1] In declining to depart downward, the district court explained: "I have carefully considered all of the arguments and the written material that has been submitted to the court and in my discretion I do decline to depart downward. The crimes are very serious crimes and I do decline to depart downward."
 
 
 10
 Because the district court unambiguously exercised its discretion not to depart, we lack jurisdiction to review this issue. See Belden, 957 F.2d at 676.
 
 
 11
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kilts' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kilts also contends that remand is necessary because the district court did not make a written record of findings pursuant to Fed.R.Crim.P. 32(d)(3)(D). Kilts did not object to factual inaccuracies in the presentence report but only raised legal arguments to justify a downward departure. Therefore, the district court was under no obligation to make a written record of findings. See Fed.R.Crim.P. 32(c)(3)(D); United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (when defendant challenges factual accuracy of matters contained in presentence report, district must make findings as required by Rule 32)