5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. PIRELLO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. PIRELLO, Defendant-Appellant.
 Nos. 93-30072, 93-30073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 3, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington, Nos. CR-88-00403-S, CR-92-00132-WFN; Wm. Fremming Nielsen, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Michael Pirello appeals his sentence imposed following guilty pleas to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Pirello contends the district court erroneously calculated his base offense level under the Guidelines because neither his prior Idaho state conviction for first degree burglary of a commercial warehouse nor a church qualified as crimes of violence within the meaning of U.S.S.G. Sec. 4B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 4
 U.S.S.G. Sec. 2K2.1, applicable to violations of the current offenses, requires a base offense level of 20 if a defendant has at least one prior felony conviction for a crime of violence.[1] U.S.S.G. Sec. 2K2.1(a)(4)(A). The Guidelines define a crime of violence as an " 'offense under federal or state law punishable by imprisonment for a term exceeding one year that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.' " United States v. Morrison, 972 F.2d 269, 270 (9th Cir.1992) (per curiam) (quoting U.S.S.G. Sec. 4B1.2(1)(ii)).
 
 
 5
 Pirello argues that neither one of the contested convictions qualifies as a crime of violence within the meaning of section 4B1.1 because the offenses involve buildings other than dwellings. We disagree. In Morrison, we held that "once a crime has been defined as burglary, it necessarily is a crime of violence [for purposes of section 4B1.1]." 972 F.2d at 270; see also Taylor v. United States, 495 U.S. 575, 597 (1990) (" 'burglary' is commonly understood to include ... run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use of threat of force [against a person]"). Thus, because the Idaho state statute includes both a warehouse and other building within its definition of burglary, Pirello's contested convictions qualify as crimes of violence under section 4B1.2. See Morrison, 972 F.2d at 270.
 
 
 6
 Because we conclude that both of Pirello's state burglary convictions qualify as crimes of violence, we need not address his remaining contentions. Accordingly, the district court properly relied on either conviction as a crime of violence to calculate Pirello's base offense level.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Idaho Code Sec. 18-401 provides that: "[e]very person who enters any house, room, apartment, tenenment, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit any theft or any felony is guilty of burglary."