**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**DAVID H., Juvenile, Defendant–Appellee.**

No. 93–50395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1993.

Decided July 8, 1994.

Kimberly Dunne, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellant.

Barbara E. O'Connor, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellee.

Before: BROWNING, BEEZER, and TROTT, Circuit Judges.

PER CURIAM:

The United States filed an information under § 5032 of the Federal Juvenile Delinquency Act charging David H. with committing armed bank robbery when he was seventeen, and moved to transfer David H. to adult status for criminal prosecution. Section 5032 required such a transfer if (1) the act charged was committed after the juvenile's sixteenth birthday, (2) the act would have been a felony involving the use of violence if committed by an adult, and (3) the juvenile had previously been found guilty of such an offense.[1] To satisfy the last requirement, the government demonstrated that

---

1. The mandatory transfer provision reads:

[A] juvenile who is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense, ... and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed, shall be transferred to the appropriate district court of the United States for criminal prosecution.

18 U.S.C. § 5032.

David H. was previously adjudicated a juvenile delinquent in state court after he pled guilty to committing robbery in violation of California Penal Code § 211.

■ The district court denied the motion to transfer David H. to adult status because: (1) the mandatory transfer provision is unconstitutionally vague; and (2) the conduct involved in David H.'s prior state court juvenile delinquency adjudication was not sufficiently egregious to require transfer of the charged offenses to the district court for prosecution. We reverse and remand.[2]

## I

■ The void-for-vagueness doctrine is probably inapplicable to the mandatory transfer provision of § 5032. A penal statute is void-for-vagueness if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited," or fails to "establish minimal guidelines to govern law enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357–58, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (internal quotation omitted). The mandatory transfer provision of § 5032 does not prohibit or sanction conduct. It merely establishes a basis for district court jurisdiction of prosecutions to which it applies. Since the provision "imposes neither regula-

tion of nor sanction for conduct ... no necessity exists for guidance so that one may avoid the applicability of the law." *Boutilier v. INS,* 387 U.S. 118, 123, 87 S.Ct. 1563, 1566, 18 L.Ed.2d 661 (1967); *see also United States v. Jordan,* 747 F.2d 1120, 1130 (7th Cir.1984) ("[Void-for-vagueness] cases have one thing in common: a sanction, whether it be penal or a refusal to grant a license, for allegedly engaging in certain conduct proscribed by a statute. It is the definition of that proscribed or regulated conduct which gives rise to ... notice concerns....").

In any event, the statute does not suffer from the deficiencies suggested by the district court. It does not fail to identify the procedures to be followed, including whether mandatory transfer must be requested by motion or is automatic, or to specify the issues to be considered, including whether the court may reexamine the basis for the prior conviction.

## A

The statute provides a single, straightforward procedure for both discretionary and mandatory transfer.[3] The government must file an information alleging the offenses [4] and a motion to transfer the juvenile to adult status.[5] Since mandatory transfer is treated

---

**2.** Though interlocutory, the district court's ruling was appealable. *United States v. Gerald N.,* 900 F.2d 189, 190 (9th Cir.1990). The government also moved for transfer under the discretionary transfer provision of § 5032. The district court denied the motion on the grounds the transfer would not serve the "interests of justice" as required by § 5032. The government did not appeal this ruling.

**3.** The statute reads:
[W]ith respect to a juvenile [who meets the requirement for discretionary transfer], criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice; however, a juvenile who [meets the two requirements for mandatory transfer] shall be transferred to the appropriate district court of the United States for criminal prosecution.
18 U.S.C. § 5032.

**4.** The Attorney General cannot bring a criminal prosecution against a juvenile without first filing

an information, 18 U.S.C. § 5032 ("The Attorney General shall proceed by information...."), and subsequently following the specified procedures. *Id.* ("[N]o criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below."); *United States v. Hayes,* 590 F.2d 309, 310 (9th Cir.1979) ("The filing of a juvenile information is an essential step in the process by which the qualifying juvenile can be proceeded against as a juvenile or ultimately, following the grant of a transfer motion, as an adult.").

**5.** The legislative history supports this interpretation. H.R.Rep. No. 98–1030, 98th Cong., 2nd Sess. (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3531 ("[T]he mandatory transfer provision] provides that in ... cases involving repeat offenders ... transfer of the case for prosecution, *upon motion of the government,* is to be mandatory.") (emphasis added).

If the mandatory transfer provision were read to allow the Attorney General to indict a juvenile without obtaining court approval, the juvenile could be deprived of the right to confidentiality

as an exception to discretionary transfer, both will be considered in the same proceeding.[6] Since both mandatory and discretionary transfer depend on the existence of particular (although different) facts, a court must hold a hearing and make findings before a transfer may occur.[7] If the findings indicate the discretionary transfer provision applies, the district court will determine whether a transfer would be in the "interest of justice."[8] If the findings indicate the mandatory transfer provision applies, the district court will forego the "interest of justice" analysis and transfer the juvenile. Even if the juvenile consents, the court must order the actual transfer.[9]

**B**

■ Focusing on the requirement that the juvenile "had previously been found guilty of an act," the district court noted that "[a]djudication of juvenile delinquency is not a conviction of a crime, but rather, a determination of a juvenile's status," *United States v. Gonzalez–Cervantes*, 668 F.2d 1073, 1076 (9th Cir.1981), and concluded David H.'s prior state court juvenile delinquency adjudication

was not a finding of "guilt" within the meaning of § 5032.

The phrase "has previously been found guilty of an act" is followed by the phrase "which if committed by an adult would have been one of the offenses set forth in this subsection." Similarly, § 5038 provides that "[w]henever a juvenile is found guilty of committing an act *which if committed by an adult* would be a felony that is a crime of violence . . ., such juvenile shall be fingerprinted and photographed." 18 U.S.C. § 5038(d) (emphasis added). The phrase "which if committed by an adult" in both provisions clearly indicates Congress intended "found guilty" to apply to previous juvenile delinquency adjudications. This conclusion is reinforced by the next sentence in § 5038(d) which requires that the juvenile's fingerprints and photographs be safeguarded from disclosure like other records from juvenile delinquency adjudications.[10]

■ Congress added the mandatory transfer provision to the Act for the very purpose of addressing the problem of repeat juvenile

guaranteed by 18 U.S.C. § 5038(d) with no opportunity to object. *See Gerald N.*, 900 F.2d at 190 ("The sealing of records and the withholding of name and picture from news media are examples of rights granted to juveniles [under the JDA] that would be irretrievably lost unless the juvenile is permitted to appeal the district court's [transfer] order before conviction as an adult.") (citations and internal quotation omitted).

6. The statute refers to a single transfer hearing and does not limit the hearing to discretionary transfers. The statute provides:

Reasonable notice of the transfer hearing shall be given to the juvenile, his parents, guardian, or custodian and to his counsel. The juvenile shall be assisted by counsel during the transfer hearing, and at every other critical stage of the proceedings.

18 U.S.C. § 5032.

7. *See United States v. Brian N.*, 900 F.2d 218, 221 n. 4 (10th Cir.1990) ("There are two methods for implementing a transfer. Both avenues of transfer require findings based upon the contents of the juvenile records. The district courts must make adequate findings of fact in a transfer hearing as mandated by the statute.").

8. *See supra* note 3.

9. *See, e.g., United States v. Doe*, 627 F.2d 181 (9th Cir.1980). A juvenile may "request[ ] in writing

upon advice of counsel to be proceeded against as an adult." 18 U.S.C. § 5032.

10. The 1984 amendments to § 5032 added the following:

Any proceedings against a juvenile under this chapter or as an adult shall not be commenced until any prior juvenile court records of such juvenile have been received by the court. . . .

18 U.S.C. § 5032. Congress also provided that after a juvenile delinquency adjudication:

"[T]he specific acts which the juvenile has been found to have committed shall be described as part of the official record of the proceedings and part of the juvenile's official record."

*Id.* These provisions require accurate records of past juvenile adjudication so other courts may transfer juveniles to adult status in appropriate cases, *i.e.*, where the juveniles were "found guilty" of serious acts in prior juvenile delinquency proceedings. The legislative history confirms this interpretation. H.R.Rep. No. 98–1030, *reprinted in* 1984 U.S.C.C.A.N. at 3531 ("In many respects, determination of whether a young offender is to be treated as a juvenile or an adult and of the appropriate disposition of juveniles adjudicated delinquent depends on the nature of the juvenile's prior record.").

offenders.[11] Since the provision was designed to require the transfer of repeat juvenile offenders to adult status, Congress necessarily intended the term "found guilty" to include past juvenile delinquency adjudications.

David H. also contends, without elaboration, that the word "act" in the mandatory transfer provision does not apply to the conduct underlying his past juvenile delinquency adjudication. The statute, however, uses the term "act" in other contexts to refer to conduct that gives rise to a juvenile delinquency proceeding or forms the basis of a juvenile delinquency adjudication.[12]

**C**

■ The district court found § 5032 failed to specify whether the court should make a factual inquiry to determine whether David H. actually committed the prior offense relied upon as requiring mandatory transfer. The plain language of § 5032 indicates the court is not to reexamine the facts underlying the prior conviction. The prior conviction requirement is met if the juvenile "has *previously been found guilty* of an act which if committed by an adult would have been one of the offenses set forth in this paragraph...." 18 U.S.C. § 5032 (emphasis added). Once accepted by the juvenile court, the guilty plea was equivalent to a judicial finding that David H. committed the act, *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969),

and precluded him from claiming he had not.[13] *See United States v. Kidder,* 869 F.2d 1328, 1332–33 (9th Cir.1989).

**II**

■ As noted, David H. was adjudicated a juvenile delinquent under state law after he plead guilty to committing robbery in violation of California Penal Code § 211. The district court held a hearing regarding the conduct leading to David H.'s guilty plea, and learned that David H. and an accomplice approached two other teenagers in a school yard and took pocket change from one and a ring from the other under threat of physical harm. The district court held this conduct was not sufficiently egregious to trigger mandatory transfer under § 5032.

■ The district court erred by looking beyond the penal statute under which David H. was convicted to determine whether his conduct would have constituted a crime of violence if committed by an adult. Mandatory transfer is triggered by a prior conviction of "*a felony offense that has as an element thereof* the use, attempted use, or threatened use of physical force against the person of another, or that, by *its very nature,* involves a substantial risk that physical force against the person of another may be used in committing the offense." 18 U.S.C. § 5032 (emphasis added). The court must look to the elements or essential nature of the criminal

11. "[T]here is growing concern about the high percentage of violent crime committed by juveniles who have records of criminal activity, and growing recognition that for some of these juveniles, the rehabilitation theory upon which the current juvenile justice system is based is not always adequate to protect the public interest." H.R.Rep. No. 98–1030, *reprinted in* 1984 U.S.C.C.A.N. at 3529.

12. For example, § 5032 uses the term "act" in the following provisions: "A juvenile alleged to have committed an *act* of juvenile delinquency ... shall not be proceeded against in any court of the United States unless the Attorney General [files the appropriate certification]."; "A juvenile who is alleged to have committed an *act* of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter...."; "Once a juvenile has entered a plea of guilty or the proceeding has

reached the stage that evidence has begun to be taken with respect to a crime or an alleged *act* of juvenile delinquency subsequent criminal prosecution or juvenile proceedings based upon such alleged *act* of delinquency shall be barred."; "Whenever a juvenile is adjudged delinquent pursuant to the provisions of this chapter, the specific *acts* which the juvenile has been found to have committed shall be described as part of the official record of the proceedings and part of the juvenile's official record." 18 U.S.C. § 5032 (emphasis added).

13. The district court questioned whether David. H.'s juvenile delinquency adjudication was constitutional, but David H. did not raise the constitutional issue before the district court or this court. Accordingly, we do not consider whether he may raise such a challenge during a transfer hearing under § 5032 or whether his guilty plea was in fact constitutional.

offense for which the juvenile was convicted. If an element of the offense is the use, attempted use, or threatened use of force, or if the offense, by its very nature, involves a substantial risk of physical force, the prior conviction triggers mandatory transfer under § 5032, regardless of the specific conduct underlying the conviction.

This conclusion is required by this court's interpretation of similar statutory language. Under 18 U.S.C. § 924(c), a 15–year minimum sentence is mandated for persons convicted of possessing a firearm who have three prior convictions for violent felonies. The statute defines a violent felony as one having *"as an element* the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). "We concluded that the phrase 'as an element' requires an examination of the statute that delineates the offense of which the defendant was convicted and precludes any inquiry into the defendant's conduct." *United States v. Sherbondy,* 865 F.2d 996, 1005 (9th Cir.1988) (discussing *United States v. Springfield,* 829 F.2d 860 (9th Cir.1987)); *see also Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990) (holding 18 U.S.C. § 924(e) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense").

The definition of "career offender" under the Sentencing Guidelines includes defendants who have two prior felony convictions for crimes of violence. "[C]rime of violence" is defined as an offense that "has *as an element* the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(1) (1993). "We conclud[ed] that the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control." *United States v. Selfa,* 918 F.2d 749, 751–52 (9th Cir.1990); *see also United States v. Sherman,* 928 F.2d 324, 327 (9th Cir.1991) (interpreting the same statutory language in 18 U.S.C. § 16 and holding "we must look to the statute of con-

viction to decide whether a particular offense is a 'crime of violence' ").

The *discretionary* transfer provision in § 5032 applies to juveniles who commit acts that if committed by an adult would constitute a felony that is a "crime of violence." In *United States v. Baker,* 10 F.3d 1374, 1393–94 (9th Cir.1993), we interpreted "crime of violence" by reference to the statutory definition in 18 U.S.C. § 16, which includes "any ... offense that is a felony and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." We held that "the 'by its nature' language of § 16(b) 'implies that the generic, rather than the particular, nature of the predicate offense is determinative in defining a crime of violence.' " *Id.* at 1394 (citing *United States v. Cruz,* 805 F.2d 1464, 1470 (11th Cir.1986)). We noted "[h]ad Congress intended a case-by-case inquiry into whether the felony as committed constituted a crime of violence, there would have been no need for the phrase 'by its nature.' " *Id.*

California Penal Code § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal.Penal Code § 211. The element of fear is defined as "fear of an unlawful injury to the person ... of the person robbed" or "fear of an immediate and unlawful injury to the person ... in the company of the person robbed at the time of the robbery." *Id.* Thus, a violation of California Penal Code § 211 includes the element of "threatened use of physical force against the person of another." 18 U.S.C. § 5032. It is also a crime "that, by its very nature, involves a substantial risk that physical force against the person of another may be used." *Id.; see United States v. McDougherty,* 920 F.2d 569, 573–74 (9th Cir.1990) (holding that robbery in violation of California Penal Code § 211 is a crime of violence under U.S.S.G. § 4B1.2).

The district court clearly erred when it looked beyond the statute to determine whether David H.'s actual conduct qualified

as a crime of violence triggering application of the mandatory transfer provisions of § 5032.

The district court's ruling on the government's motion to transfer David H. to adult status is REVERSED and REMANDED for proceedings consistent with this decision.