91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 95-5933.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal by a juvenile defendant from a district court order granting a motion by the United States to transfer him for prosecution as an adult pursuant to the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042.
 
 
 2
 On May 4, 1995, the United States filed a sealed two-count information charging the defendant, B.D.R., and two other juveniles with armed carjacking and use of a firearm during a crime of violence.[1] The United States simultaneously moved to have the juveniles transferred for adult prosecution pursuant to 18 U.S.C. § 5032. On June 23, 1995, after an evidentiary hearing, the district court granted the United States' motion to transfer as it pertained to B.D.R.[2] The court transferred B.D.R. on the ground that Section 5032 mandated the transfer or, alternatively, that the transfer should be granted under the statute's discretionary transfer provision. This appeal of the district court's order followed.
 
 
 3
 The Federal Juvenile Delinquency Act seeks to "remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation." United States v. One Juvenile Male, 40 F.3d 841, 844 (6th Cir.1994) (citation omitted). However, because this purpose "must be balanced against the need to protect the public from violent offenders," under certain circumstances the Act provides for the transfer of juveniles who have committed felonies for prosecution as adults. United States v. T.F.F., 55 F.3d 1118, 1119 (6th Cir.1995). Such transfers are mandated in some cases, while in others they are merely discretionary.
 
 
 4
 With regard to mandatory transfers, Section 5032 directs that a district court shall transfer a juvenile for adult prosecution where he:
 
 
 5
 is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense, or would be an offense described in section ... 844(i) ... and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed.
 
 
 6
 18 U.S.C. § 5032.
 
 
 7
 The interpretation and application of Section 5032's mandatory transfer provision requirements involve mixed questions of law and fact. Therefore, in considering the district court's ruling on the motion to transfer, we will review the court's factual findings for clear error, and its legal conclusions de novo. See United States v. Roark, 36 F.3d 14, 16 (6th Cir.1994).
 
 
 8
 In this case, the district court found that the first two prerequisites for mandatory transfer were met in that B.D.R. is alleged to have committed the present offenses shortly before his seventeenth birthday, and because elements of those offenses include the use, attempted use, or threatened use of physical force or a substantial risk that physical force against the person of another may be used. 18 U.S.C. §§ 2119 and 924(c). We agree that these two requirements are clearly met in this case.
 
 
 9
 A somewhat more difficult question exists as to whether B.D.R. has a juvenile adjudication satisfying the third prerequisite for mandatory transfer. See United States v. David H., 29 F.3d 489, 493 (9th Cir.1994) (stating that the third prong of the mandatory transfer provision necessarily includes past juvenile delinquency adjudications). The district court found that B.D.R. has such an adjudication because, on May 20, 1994, he was adjudicated as a delinquent in Ohio for felony arson in the second degree in violation of the Ohio Rev.Code Ann. § 2909.03.[3] In the district court's opinion, that wrong was sufficiently similar to a violation of the federal arson statute, 18 U.S.C. § 844(i), one of the violations enumerated in Section 5032 mandating transfer for adult prosecution, to warrant the transfer of B.D.R. for prosecution as an adult.
 
 
 10
 B.D.R. challenges this finding on appeal, arguing that there are two essential distinguishing features between Section 844(i) and Section 2909.03. First, defense counsel claims that the Ohio statute does not have within its framework any potential consideration of personal injury to others, while Section 844(i) contains enhancement provisions for situations where personal injury or death occurs. The defense thus seeks to distinguish between "simple arson" and arson involving injury or death, and claims that B.D.R.'s previous state juvenile adjudication does not constitute a sufficient prior violent felony mandating transfer because no charge was made of risk of harm to any person and the facts showed no such harm. Second, defense counsel argues that there is a significant distinction with regard to the character of the property which forms the basis of the violation in each statute in that, under Section 844(i), the offense would not be an offense but for the character and use of the property in interstate commerce.
 
 
 11
 The United States, by contrast, argues that the Ohio arson statute is essentially the same as the federal arson statute, and claims that the district court correctly determined that B.D.R. has a prior felony offense in violation of state law that would have been a Section 844(i) violation if a circumstance giving rise to federal jurisdiction had existed. Alternatively, the United States argues that the juvenile delinquency adjudication involved an offense that, by its very nature, involved a "substantial risk that physical force against the person of another may be used in committing the offense," mandating transfer on that ground as well.
 
 
 12
 The Ohio arson statute provides: "No person, by means of fire or explosion, shall knowingly ... [c]ause, or create a substantial risk of, physical harm to any property of another without his consent." An individual who violates this section is guilty of arson, and, if the value of the property involved is over five thousand dollars, the offense is a felony of the second degree. O.R.C. § 2909.03(B)(1) and (B)(2)(c). The federal arson statute provides in relevant part:
 
 
 13
 Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any ... vehicle ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than [twenty] years, fined the greater of the fine under this title or the cost of repairing or replacing any property that is damaged or destroyed, or both; and if personal injury results to any person ... shall be imprisoned for not more than [forty] years, fined the greater of the fine under this title or the cost of repairing or replacing any property that is damaged or destroyed, or both; and if death results to any person ... shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.
 
 
 14
 18 U.S.C. § 844(i).
 
 
 15
 In determining whether B.D.R.'s prior juvenile adjudication for arson qualifies as a predicate offense satisfying the third prerequisite for mandatory transfer, we note that it is not the role of this court, nor was it the role of the district court, to "reexamine the facts underlying the prior [juvenile] conviction." David H., 29 F.3d at 493. Instead, we must "look to the elements or essential nature of the criminal offense for which the juvenile was convicted ... regardless of the specific conduct underlying the conviction." Id. at 493-94.
 
 
 16
 A comparison of the two statutory provisions in this case leads us to agree with the district court that B.D.R.'s prior juvenile adjudication for arson was sufficiently similar to a violation of Section 844(i) to qualify as a predicate offense mandating his transfer for adult prosecution. The inclusion of enhancement provisions in the federal statute does not preclude a finding that the elements of the Ohio statute are substantially the same as the elements in the federal statute for situations where injury or death does not result. Furthermore, while the federal arson offense contains a jurisdictional requirement, the absence of a similar jurisdictional requirement in the Ohio statute does not prevent a finding that the elements or essential nature of the two offenses are substantially the same. Had Congress intended otherwise, its inclusion of the phrase "or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed" would have been unnecessary. The fact that Section 5032 expressly provides for the transfer of a juvenile with such a prior offense convinces us that the district court construed the statute correctly. We therefore hold that the third prerequisite for mandatory transfer is met in this case.
 
 
 17
 The United States argues in the alternative that B.D.R.'s transfer was required because the juvenile arson offense involved a "substantial risk that physical force against the person of another may be used in committing the offense." Because we have already determined that the district court was required to transfer B.D.R. for the reasons stated above, we need not address this argument. Furthermore, because we are upholding B.D.R.'s transfer pursuant to Section 5032's mandatory transfer provision, we need not review the district court's additional decision to transfer B.D.R. under Section 5032's discretionary transfer provision. See David H., 29 F.3d at 492 (stating that where the mandatory transfer provision applies, a court should forego the "interest of justice" analysis and transfer the juvenile).
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The defendants allegedly committed an armed carjacking, during which the unarmed wife of the car's driver was shot in the face with a handgun in her garage
 
 
 [2]
 The district court denied the motion as it pertained to the other two juveniles, and those cases are not before this court
 
 
 [3]
 The arson charge stemmed from an episode wherein B.D.R. became angry at a peer and doused the individual's parked car with gasoline and set it afire