UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph Danielle CLEMENTS,
Defendant–Appellant.

No. 00–10556.
D.C. No. CR–98–00402–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001 *.

Decided Oct. 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before POLITZ,** W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM ***

We affirm Joseph Danielle Clements' conviction because the district court did not commit any reversible evidentiary or sentencing errors.

■ As an initial matter, we are troubled by the government's failure to abide by its agreement to provide notice of its intent to use evidence of Clements' "prior bad acts." Federal Rule of Evidence 404(b) requires such notice, and the government independently promised Clements that it would do so. The government is held to a high standard in fulfilling its promises, and it is clear that it overlooked its duty to do so here. Nonetheless, the district court did not abuse its discretion in ruling that the government was not barred by its failure to provide Rule 404(b) notice. *See United States v. Erickson,* 75 F.3d 470, 478 (9th Cir.1996).

■ The district court did abuse its discretion, however, in admitting Tony McCullah's testimony about Clements' prior gun possession, but the error was harmless. The evidence fell within the ambit of Rule 404(b), and McCullah's testimony did not prove any material element of the charged offenses before the jury. Nonetheless, the testimony was brief and unlikely to have prejudicially influenced the jury, especially in light of the substantial evidence that Clements was in fact the individual who sold drugs to McCullah during the controlled buy.

■ The district court did not abuse its discretion in admitting McCullah's testimony about Clements' prior drug sales. This evidence was not too remote in time, it was identical to the charged offense and McCullah's testimony provided sufficient proof. Finally, the evidence was relevant to rebut Clements' assertion that he did not participate in the controlled buy. *See United States v. Howell,* 231 F.3d 615, 628–629 (9th Cir.2000) (holding a prior drug conviction to be "admissible to rebut [Howell's] claimed innocent motives for his presence [on the bus]" (quotations and citations omitted)).

■ Clements also contends that the prosecution improperly used extrinsic evidence to impeach him. We hold that the district court abused its discretion in permitting the prosecutor to produce a package, claim that it contained $20 bills and ask Clements if that refreshed his memory as to the denomination of bills that he was carrying when he was arrested. A witness

---

** Honorable Henry A. Politz, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

may only be impeached on a specific matter when the witness' testimony is truly volunteered. *See United States v. Castillo,* 181 F.3d 1129, 1133–34 (9th Cir.1999); Fed.R.Evid. 607. Here, Clements' testimony that he was carrying $100 bills was elicited on cross-examination. Nonetheless, given the substantial evidence of Clements' guilt, it is unlikely that the jury was improperly swayed by this brief line of questioning. The district court's error was harmless.

■ Finally, the district court did not commit any error in sentencing Clements. It is clear from the transcript of the sentencing hearing that Clements' career offender status was the dispositive factor in his sentencing. The district court properly concluded that attempted arson is a crime of violence under the United States Sentencing Guidelines Manual § 4B1.1. *See* USSG § 4B1.2(a), comment, n. 1 (2000); *United States v. Jackson,* 986 F.2d 312, 314 (9th Cir.1993) (relying on Application Note 1 to hold that an attempted burglary qualifies as a "crime of violence"); *United States v. Morrison,* 972 F.2d 269, 270–71 (9th Cir.1992).

AFFIRMED.