UNITED STATES of America, Plaintiff—Appellee,

v.

Saul MONTES–GARCIA, Defendant— Appellant.

No. 02–50173.
D.C. No. CR–01–02890–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2003.

Decided March 17, 2003.

Before PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Saul Montes–Garcia appeals his conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Montes–Garcia's argument that his indictment was legally insufficient is precluded by circuit law. *United States v. Parga–Rosas,* 238 F.3d 1209 (9th Cir.), *cert. denied,* 534 U.S. 942, 122 S.Ct. 319, 151 L.Ed.2d 238 (2001). Nothing in *Unit-*

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed States v. Buckland, 289 F.3d 558 (9th Cir.2002) (en banc), alters the controlling effect of Parga–Rosas here. The indictment also adequately alleged the necessary mens rea for the charged offense. Pena–Cabanillas v. United States, 394 F.2d 785, 788–90 (9th Cir.1968).

The district court did not abuse its discretion in admitting the warrant and order of deportation into evidence. United States v. Hernandez–Herrera, 273 F.3d 1213, 1217–18 (9th Cir.2001) (citing United States v. Contreras, 63 F.3d 852, 857 (9th Cir.1995)).

The district court did not err in treating Montes–Garcia's prior armed robbery conviction under California Penal Code § 211 as a "crime of violence" for the purposes of increasing Montes–Garcia's sentence level by 16 levels.[1] See U.S.S.G. 2L1.2(b)(1)(A)(ii). We have found robbery under § 211 to be a crime of violence before, see United States v. David H., 29 F.3d 489, 494 (9th Cir.1994), basing our decision on language relevant to the Sentencing Guideline at issue here, and we have applied this understanding of robbery in California in related Sentencing Guidelines decisions. See United States v. McDougherty, 920 F.2d 569, 573–74 (9th Cir.1990). Thus, the district court did not err to increase Montes–Garcia's sentence level 16–levels.

Montes–Garcia's argument that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350

(1998), is precluded by United States v. Pacheco–Zepeda, 234 F.3d 411, 414 (9th Cir.), cert. denied, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

---

[1]. The district court mistakenly referred to the "crime of violence" as an "aggravated felony" at sentencing. Such a designation would carry a limitation of an 8 level increase. However, it is quite clear from the record that this was merely a mistaken reference. The briefs and arguments focused on the requirements for a "crime of violence." In context, the true meaning of the district court's statement

is readily apparent and not contested by the parties.

