**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**MITCHELL H., Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Juweette W., Defendant–Appellant.**

**Nos. 98–10381, 98–10382.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 1999.*

Filed May 27, 1999.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a)(2).

Patricia A. Gitre, Gitre & McLeod, Phoenix, Arizona, for defendant-appellant Mitchell H.

Carmen L. Fischer, Phoenix, Arizona, for defendant-appellant Juweette W.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: WOOD, JR.,[**] KOZINSKI and RYMER, Circuit Judges.

PER CURIAM.

 Mitchell H. and Juweette W., juveniles charged with assault and premeditated murder, appeal the district court's decision under 18 U.S.C. § 5032 (1994), to transfer their cases for adult prosecution. As we decided in *United States v. Gerald N.*, 900 F.2d 189, 190–91 (9th Cir.1990), we have jurisdiction over such interlocutory appeals. Prior to hearing the government's motion to transfer, the court ordered both defendants to submit to a psychiatric examination. Unsuccessful in their claim of Fifth Amendment privilege,[1] the defendants met with a government-selected psychiatrist. Each provided information about himself and his background, and the court ultimately relied on this information in deciding to transfer the cases.

 The existence of a Fifth Amendment privilege turns on "the nature of the statement ... and the exposure which it invites." *In re Gault*, 387 U.S. 1, 49, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The goal, of course, is to protect a person from incriminating himself in any pending or future criminal proceeding. *See Allen v. Illinois*, 478 U.S. 364, 368, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986). A juvenile transfer hearing is not itself a criminal proceeding. *See Kent v. United States*, 383 U.S. 541, 555, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). While transferring a case may have serious implications, *see id.* at 557, 86 S.Ct. 1045, determining the proper forum in which to try an accused juvenile is not akin to determining his "guilt or innocence, or even [his] delinquency or non-delinquency," *United States v. A.R.*, 38 F.3d 699, 703 (3d Cir.1994).[2] In this context, a juvenile's statements during a psychiatric evaluation serve a "'limited, neutral purpose.'" *Id.* (quoting *Estelle v. Smith*, 451 U.S. 454, 465, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)).[3]

The transfer statute itself confirms our assessment. A juvenile's statements "prior to or during a transfer hearing'... shall not be admissible at subsequent criminal

[**] The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Although he joined Juweette W.'s objection below, Mitchell H. did not raise the Fifth Amendment issue on appeal in his opening brief. Ordinarily, we do not review issues raised for the first time in a reply brief. *See Boldt v. Crake (In re Riverside–Linden Inv. Co.)*, 945 F.2d 320, 324 (9th Cir.1991). However, since the government had a full opportunity to brief this question in response to Juweette W.'s appeal, and thus is not prejudiced, we exercise our discretion to consider this issue vis-a-vis both defendants.

2. Because transferring a case for adult proceedings may result in longer imprisonment, *United States v. J.D.*, 517 F.Supp. 69, 71 (S.D.N.Y.1981), concluded that a juvenile's "liberty is ... very much at stake" and thus that the Fifth Amendment applies to transfer proceedings under section 5032. Since *J.D.*, the Supreme Court has clarified that "the fact that incarceration may result" is not dispositive of the Fifth Amendment question. *Allen*, 478 U.S. at 372, 106 S.Ct. 2988. We therefore agree with the Third Circuit that the reasoning in *J.D.* is not persuasive. *See A.R.*, 38 F.3d at 704 n. 6.

3. We agree with the Third Circuit that a juvenile transfer hearing is a close cousin of a competency hearing: "[B]oth deal with whether a defendant should be exempted from criminal prosecution because he falls within a category of persons who, in the eyes of the law, are not viewed as fully responsible for their acts." *A.R.*, 38 F.3d at 703.

**1036**

prosecutions." 18 U.S.C. § 5032. By so limiting the use of statements made during a pre-hearing psychiatric evaluation, this provision ensures that a juvenile does not unwittingly incriminate himself.

We therefore join the Third Circuit in holding that ordering a juvenile to submit to a psychiatric evaluation prior to a transfer hearing does not implicate or violate his Fifth Amendment privilege against self-incrimination.

We address appellants' remaining contentions in an unpublished disposition.

AFFIRMED.