**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**JUVENILE, Defendant–Appellant.**

**No. 00–30021.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2000

Filed Oct. 3, 2000

---

Daniel Donovan, Senior Assistant Federal Defender, Great Falls, Montana, for the defendant–appellant.

Lori Harper Suek, Assistant United States Attorney, Great Falls, Montana, for the plaintiff–appellee.

Before: FLETCHER, and TASHIMA, Circuit Judges, and DUPLANTIER, District Judge.[1]

DUPLANTIER, District Judge:

WJB, a juvenile Native American, appeals the order of the district court transferring him to adult status under the mandatory transfer provision of 18 U.S.C. § 5032. Appellant contends that the motion to transfer him to adult status was defective, that the crime involved in his prior juvenile adjudication cannot serve as a predicate for mandatory transfer, and that the mandatory transfer provision unconstitutionally denies him due process and equal protection.

 We have jurisdiction of this interlocutory appeal under the collateral order exception. *United States v. Gerald N.*, 900 F.2d 189, 190 (9th Cir.1990).

At the age of sixteen, appellant WJB was adjudicated a juvenile delinquent for an assault resulting in serious bodily injury, committed within "Indian country," an offense which, if committed by an adult, would be a violation of 18 U.S.C. § 1153(a) and 18 U.S.C. § 113(a)(6). Within a year thereafter, he was charged by bill of information with an act of juvenile delinquency within "Indian country," an offense which would be second degree murder if commit-

---

1. The Honorable Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

ted by an adult, in violation of 18 U.S.C. §§ 1153(a) and 1111.

The United States Attorney for the District of Montana signed the certification necessary under 18 U.S.C. § 5032[2] to justify federal prosecution of appellant. After WJB pleaded not guilty, the government filed a motion to transfer WJB from juvenile to adult status. WJB filed this appeal from the order of the district judge granting the government's motion. After its appellate brief had been filed, the government requested that we rescind the transfer order due to a procedural defect. We grant this request and rescind the order transferring appellant to adult status.[3]

At oral argument, the government indicated its intention to file a renewed motion to transfer appellant to adult status. Both the government and appellant urged that, notwithstanding the recision of the transfer order, we address the remaining two issues raised by appellant. Because these issues are likely to recur upon the filing of the renewed motion to transfer WJB to adult status, we address these issues. *See Western Oil and Gas Association v. Sonoma County,* 905 F.2d 1287, 1290 (9th Cir.1990) (action not moot when the issues involved are likely to recur).

### Predicate Adjudication

We review *de novo* questions of statutory interpretation. *United States v. Doe,* 136 F.3d 631, 634 (9th Cir.1998).

**2.** 18 U.S.C. § 5032 provides in pertinent part:

A juvenile alleged to have committed an act of juvenile delinquency, ... shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that

Appellant contends that his prior adjudication for assault resulting in serious bodily injury cannot serve as a predicate for the mandatory transfer provision of 18 U.S.C. § 5032 because it is not one of the offenses enumerated in the statute. Appellant's contention ignores the plain disjunctive list of offenses in the statute:

[A] juvenile who is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense, *or* would be an offense described in section 32, 81, 844(d), (e), (f), (h), (i), or 2275 of this title, subsection (b)(1)(A), (B), or (C), (d), or (e) of section 401 of the Controlled Substances Act, or section 1002(a), 1003, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 959, 960(b)(1), (2), (3)), and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph ... shall be transferred to the appropriate district court of the United States for criminal prosecution.

18 U.S.C. § 5032 (emphasis added).

In his prior juvenile adjudication, WJB was found guilty of assault resulting in

is a felony or an [enumerated drug] offense, ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction. 28 C.F.R. § 0.57, provides that the Assistant Attorney General in charge of the Criminal Division is authorized to exercise the power and authority vested in the Attorney General by 18 U.S.C. § 5032 and may "redelegate any function delegated to him under this section to United States Attorneys." The United States Attorney signed the certification pursuant to a delegation under 28 C.F.R. § 0.57.

**3.** We express no opinion on the validity of the transfer order.

**990**

serious bodily injury, "an act which if committed by an adult would have been an offense set forth"; it is "a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense." Thus, although assault resulting in serious bodily injury is not among those crimes specifically identified as predicate offenses in § 5032, it clearly is a predicate offense under the statute's definition of those crimes that trigger mandatory transfer to adult status.

### Constitutionality of Mandatory Transfer Provision

██ We review *de novo* the determination by the district court that the mandatory transfer provision of 18 U.S.C. § 5032 is constitutional. *United States v. Kaluna,* 192 F.3d 1188, 1193 (9th Cir. 1999).

Appellant's earlier adjudication as a juvenile delinquent followed the procedure set forth in Chapter 403 of Title 18, which is less formal than an adult criminal prosecution. For example, WJB was not indicted, nor was he afforded a jury trial. He contends that by predicating his transfer to adult status upon such an adjudication, the statute deprives him of due process and of equal protection. We disagree.

█ There is no constitutional right to be tried as a juvenile, nor does the Constitution require that juvenile proceedings be by indictment or jury trial. *See McKeiver v. Pennsylvania,* 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) (jury trial not constitutionally required in juvenile proceeding), *United States v. Indian Boy X,* 565 F.2d 585, 595 (9th Cir.1977) (indictment not required in juvenile proceeding). In establishing the juvenile criminal offender system, Congress was empowered to determine to which juveniles the system would apply. For example, Congress could have exercised its discretion to require that all juveniles over the age of sixteen charged with the commission of a violent crime be transferred to adult status. Instead, Congress provided that only a juvenile with a prior adjudication for a specified offense would be transferred to adult status.

If a prior juvenile adjudication could not constitutionally serve as a basis for trying a juvenile as an adult, the only way that Congress could require a juvenile involved in a violent offense to be tried as an adult would be to subject first-time violent offenders to the adult system, for there could never be an underlying prior juvenile offense.

The mandatory transfer provision in 18 U.S.C. § 5032 does not deprive appellant of due process.

█ WJB's equal protection challenge seeks to analogize the transfer statute to statutes increasing the potential penalties in adult criminal cases, based upon a prior conviction, which can be obtained only after indictment (or waiver) and trial by jury (or guilty plea). There is no analogy. The transfer statute does not *per se* increase punishment; it merely establishes "a basis for district court jurisdiction of prosecutions to which it applies." *United States v. David H.,* 29 F.3d 489, 491 (9th Cir.1994). The requirement of a prior adjudication for an offense set forth in the statute before a juvenile can be prosecuted as an adult is an added protection not afforded adults.

### CONCLUSION

We grant the government's request and RESCIND the order of the district court transferring WJB to adult status. We AFFIRM the conclusions of the district court that appellant's other challenges to the transfer order lack merit.