**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**B.D., a juvenile, Defendant—Appellant.**

**No. 01–30036.**

**D.C. No. CR–00–00076–DWM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Jan. 14, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

**MEMORANDUM** ***

1. There is no constitutional requirement "that juvenile proceedings be by ... jury trial." *United States v. Juvenile,* 228 F.3d 987, 990 (9th Cir.2000) (citing *McKeiver v. Pennsylvania,* 403 U.S. 528, 545, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971)). Contrary to B.D.'s contention, *Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), did not overrule *McKeiver.*

B.D.'s argument that the Major Crimes Act incorporates Montana's procedural guarantee of a jury trial for juvenile defendants, Mont.Code Ann. § 41–5–1502, is foreclosed by *United States v. Pluff,* 253 F.3d 490, 491 (9th Cir.2001), which holds that the Major Crimes Act does not "adopt wholesale a state's criminal and constitutional law." Whether B.D. has a right to a jury trial is therefore "a federal issue to be determined by reference to federal constitutional principles." *Id.* at 494.

2. B.D.'s conviction for abusive sexual contact is not inconsistent with his acquittal on the charge of burglary. The district court's finding of reasonable doubt as to whether B.D. "knowingly ... entered or remained unlawfully" in the building "with the purpose to commit the offense therein," which is the definition of burglary under Mont.Code Ann. § 45–6–204, has no bearing on the charge of abusive sexual contact under 18 U.S.C. § 2244(a)(1), which requires a determination that B.D. knowingly had sexual contact with the victim. Because the district court articulated a rational basis for the different verdicts, B.D. was not denied due process. *United States v. Franco,* 136 F.3d 622, 631 (9th Cir.1998).

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**3.** The district court did not err in finding the prosecution witnesses credible and their testimony sufficiently clear. The evidence supports a finding that B.D. had specific intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the