**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**PHILLIP A.B.L. (A Juvenile),**
**Defendant—Appellant.**

No. 03–30391.

D.C. No. CR–03–00074–1–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided June 8, 2004.

Klaus P. Richter, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellant.

Before TASHIMA, PAEZ, and BEA, Circuit Judges.

MEMORANDUM *

Appellant Phillip A.B.L. ("ABL"), a juvenile, appeals from an order to transfer his case to adult status pursuant to the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mandatory transfer provisions of 18 U.S.C. § 5032. ABL argues that because he was previously adjudicated delinquent by a judge rather than a jury, his prior delinquency adjudication did not constitute a "finding of guilt" within the meaning of § 5032 and therefore cannot serve as the basis for the mandatory transfer of his case to adult status under § 5032. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I.

On March 31, 2003, the United States filed a two-count Information alleging that ABL had committed an act of juvenile delinquency on June 24, 2001, by engaging in conduct that would have constituted aggravated sexual assault, pursuant to 18 U.S.C. § 2241(a), if committed by an adult, and kidnapping, pursuant to 18 U.S.C. § 1201(a)(2), if committed by an adult.

Soon after, the government filed a motion to transfer the case to district court pursuant to § 5032.[1] In granting the government's motion, the district court found that the case had been properly commenced as a juvenile proceeding; that the act charged in the present case was committed after ABL's sixteenth birthday; that the alleged conduct at issue in this case, kidnapping and aggravated sexual assault, would constitute felony crimes of violence if committed by an adult; and that ABL's prior adjudication for residential burglary counted as a crime of violence

for purposes of § 5032. The district court ordered that ABL's case be transferred to federal court.

## II.

Whether the government complied with the requirements of § 5032 is a matter of statutory interpretation that is reviewed de novo. *United States v. Juvenile Male,* 241 F.3d 684, 686 (9th Cir.2001). Questions regarding the constitutionality of § 5032 are also reviewed de novo. *United States v. Juvenile,* 228 F.3d 987, 989 (9th Cir.2000).

## III.

In *United States v. David H.,* we squarely addressed, and rejected, ABL's argument that a prior adjudication of juvenile delinquency cannot serve as finding of guilt that triggers a mandatory transfer under § 5032. *See* 29 F.3d 489, 493 (9th Cir.1994) (concluding that "Congress necessarily intended the term 'found guilty' to include past juvenile delinquency adjudications"). Nonetheless, ABL argues that our decision in *David H.* is in conflict with our more recent decisions in *United States v. Tighe,* 266 F.3d 1187 (9th Cir.2001) and *Juvenile,* 347 F.3d 778, because both *Tighe* and *Juvenile* call into question the reliability of the juvenile justice system and therefore challenge the holding of *David H.* that a juvenile delinquency adjudication may be a finding of guilt within the meaning of § 5032.

---

1. Section 5032 provides, in relevant part:
   [A] juvenile who is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense ... and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to the Federal jurisdiction had existed, shall be transferred to the appropriate district court of the United States for criminal prosecution.

ABL's attempt to distinguish *David H.* is unpersuasive. We did not hold in *David H.* that a juvenile adjudication is equivalent to an adult criminal conviction; rather, we interpreted § 5032 to apply to state court delinquency adjudications and concluded that "Congress necessarily intended the term 'found guilty' to include past juvenile delinquency adjudications." *David H.*, 29 F.3d at 493.

Relying on the United States Supreme Court's recent decisions in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), ABL also contends that "only when a 'conviction' has been achieved in the constitutional sense can his prior record be used to support mandatory transfer from juvenile to adult status." This argument is foreclosed by *United States v. Juvenile*, 228 F.3d 987, 990 (9th Cir.2000).

In *Juvenile*, we addressed, and rejected, the question of whether *Apprendi* applies to the transfer of a juvenile from juvenile status to adult status under § 5032. We further declined "to analogize the transfer statute to statutes increasing the potential penalties in adult criminal cases, based upon a prior conviction, which can be obtained only after indictment (or waiver) and trial by jury (or guilty plea)." *Id.* More recently, we held that *"Apprendi v. New Jersey* does not apply to transfer proceedings that allow the Government to try a juvenile as an adult." *United States v. Miguel*, 338 F.3d 995, 996 (9th Cir.2003). These two cases therefore foreclose ABL's attempt to analogize the mandatory transfer in his case to the sentence enhancement at issue in *Apprendi*.

In sum, ABL's arguments are foreclosed by our prior cases and ABL does not offer any convincing rationale for distinguishing those cases. The district court correctly concluded that ABL should be transferred to adult status pursuant to § 5032.

AFFIRMED.