**In re FRESENIUS USA, INC. and Fresenius Medical Care Holdings, Inc., Petitioner.**

**Fresenius USA, Inc. and Fresenius Medical Care Holdings, Inc., Plaintiffs–Appellants,**

v.

**BAXTER INTERNATIONAL INC. and Baxter Healthcare Corporation, Defendants–Appellees.**

**MISC. No. 770.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 29, 2004.

Michael J. Abernathy, Principal Attorney, Lisa A. Carroll, Of Counsel, Bell, Boyd, Chicago, IL, for Defendant–Appellee.

Terrence P. McMahon, Principal Attorney, McDermott, Will, Palo Alto, CA, for Plaintiff–Appellant.

Before GAJARSA, LINN, and PROST, Circuit Judges.

PROST, Circuit Judge.

### ORDER

Fresenius USA, Inc. et al. petition for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order granting Baxter International Inc. and Baxter Healthcare Corporation's (collectively Baxter) motion to disqualify Fresenius's counsel, the law firm McDermott, Will & Emory (McDermott). Baxter opposes. Fresenius moves for a stay of proceedings in the district court pending this court's resolution of the petition for a writ of mandamus. Fresenius submits a notice of withdrawal of its appeal of the district court's order disqualifying McDermott, which the court treats as a motion to voluntarily dismiss its appeal. Baxter moves to dismiss Fresenius's appeal.

The current litigation involves the alleged infringement by Fresenius of five patents owned by Baxter involving a hemodialysis machine called the System 1000. Before representing Fresenius, McDermott represented opposing party Baxter's predecessor-in-interest, Althin Medical, Inc. Althin developed the System 1000 and procured four of the five patents at issue. Over 40 current and former McDermott attorneys served as Althin's "intellectual property, corporate, regulatory, and litigation counsel from December 1990 to April 1995." The district court found that, during its representation of Althin, McDermott handled at least two matters for Althin involving the patented technology at issue in the current Fresenius–Baxter litigation: "(a) a 1994–1995 litigation matter between Fresenius's predecessor, Seratronics Inc . . . ., and Althin concerning a 1982 licensing agreement asserted by Fresenius as a defense in this case . . . and (b) a 1993–1994 patent investigation matter concerning a component of the System 1000 conducted by McDermott's current head of Intellectual Property in Chicago[, Margaret Duncan]."

The district court, after reviewing the parties' briefs and conducting a hearing, made numerous findings of fact in support of its 27–page order disqualifying McDermott. Among them, the district court found that both the current and 1994–95 litigation involve many of the same factual and legal issues. Further, in the context of the patent investigation matter with now-head of McDermott's Chicago intellectual property group, the district court found that:

> Ms. Duncan was in [a] position to receive highly confidential and privileged information material to the infringement, invalidity, and unenforceability issues in this lawsuit, including: (a) the design, development and functionality of the System 1000; (b) the patent prosecution strategy for the patents-in-suit; and (c) the inventors' and prosecuting attorney's knowledge of prior art material to the patents-in-suit.

Based on its review of the facts, the district court found, among other things, that (1) McDermott received confidential

and privileged information from Althin and (2) at least two of the matters McDermott handled for Althin were substantially related to the current Fresenius–Baxter litigation. Fresenius does not challenge those findings in this mandamus petition. The debate arises over whether the entire McDermott law firm should have been disqualified. McDermott argues that, under California law, the presumption of imputed sharing of confidential information is rebuttable, and McDermott asserts that it rebutted the presumption. The district court concluded that California law still maintains an irrebuttable presumption and that, even if that were not the case, McDermott failed to rebut the presumption based on the facts of this case because McDermott's ethical wall was lacking. Specifically, the district court held:

> Contrary to Fresenius's assertion, *In re County of Los Angeles,* 223 F.3d 990 (9th Cir.2000), does not establish that the presumption of shared confidences supporting imputed disqualification of an entire firm has become rebuttable under these circumstances.
>
> The Ninth Circuit in *In re County of Los Angeles* acknowledged that while "the California Supreme Court [has been] silent as to whether the presumption of shared confidences is rebuttable," "[t]he courts of appeal [have] developed a general rule that the presumption is *not* rebuttable." *Id.* at 995 (emphasis added). It merely suggested that the California Supreme Court "ha[d] recently cast doubt on this approach" when it found it " 'need not consider whether an attorney can rebut a presumption of shared confidences, and avoid disqualification, by establishing that the firm imposed effective screening procedures,' . . . because the firm had failed to set up an effective screen." *Id.* (citing *SpeeDee Oil,* 20 Cal. 4th at 1146–47).
>
> . . . .

In any event, McDermott has failed to present persuasive evidence that it instituted timely and effective screening measures. Even when an actual conflict arose due to McDermott agreeing to represent Fresenius in this litigation against Althin's successor (Baxter), McDermott failed to erect an ethical wall that expressly quarantined attorneys and personnel who formerly worked on Althin matters from the attorneys and personnel working on Fresenius matters. . . . [I]t appears from the record that electronic and paper files that may contain confidential information material to this litigation have yet to be quarantined. Even under an impermissibly broad interpretation of *In re Los Angeles County,* these measures do not suffice to rebut the presumption of shared confidences. (Citations omitted.)

The timing of McDermott's implementation of the screen does not foreclose the possibility that Althin's confidential information had been exchanged, either directly or indirectly, between McDermott attorneys before the wall was erected. Moreover, McDermott's concession that the ethical wall was not erected with Althin in mind tends to distract from McDermott's] argument that its screen effectively "served its purpose."

> . . . .

Furthermore, one of the 27 attorneys currently representing Fresenius . . . is a partner in McDermott's trial department in the Chicago office where Ms. Duncan is a partner. . . . Fourteen of the 27 attorneys currently representing Fresenius are in the same Intellectual Property practice group as Ms. Duncan. . . . Thus, the record supports a finding that there is incomplete separation, either geographical or departmen-

tal, between the McDermott attorneys involved in this case and Ms. Duncan.

Given the foregoing, the Court finds that even if the presumption of vicarious disqualification were rebuttable, McDermott has not presented sufficient evidence to rebut the presumption.

The district court further concluded that Baxter had not waived McDermott's conflicts, because it brought the motion to disqualify "with dispatch—weeks after first learning of the conflicts." Finally, while asserting that prejudice was not relevant in these circumstances, the district court found that Fresenius would not be unduly prejudiced by the disqualification of McDermott because, among other things, affiliated counsel for Fresenius "have taken a substantial role in the litigation," and "McDermott has yet to litigate any substantial, merits-related motions in this case." The district court concluded:

> Considering the number of law firms that have participated in this case, the record does not demonstrate that McDermott is uniquely positioned to represent Fresenius in this matter. Moreover, any prejudice to Fresenius would be mitigated by the fact that other counsel have appeared in this case that are already familiar with this matter.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

Here, Fresenius has not shown that the district court's relevant determinations, factual and legal, were clearly and indisputably incorrect. Although Fresenius's argument focuses on the district court's alleged misinterpretation of California law as setting forth an irrebuttable presumption of vicarious disqualification, the record reveals that district court considered whether, even if the presumption were rebuttable, Fresenius alleged facts sufficient to meet that burden. The district court's determinations regarding whether the presumption of vicarious disqualification was rebutted are detailed and factual in nature, and no error sufficient to warrant mandamus relief has been demonstrated in that regard.

As we stated in *Atasi Corporation v. Seagate Technology*, 847 F.2d 826, 829 (Fed.Cir.1988), "[t]he district court has the primary responsibility for controlling the conduct of lawyers practicing before it. An order of the trial court exercising its discretion in fulfilling that responsibility will not be disturbed if the record reveals 'any sound' basis for the disqualification." (Citations omitted.) In this case, we are not persuaded that the district court abused its discretion in finding grounds to disqualify McDermott. Thus, Fresenius has failed to show a "clear and indisputable" right to the issuance of a writ. *Allied*, 449 U.S. at 35.

Accordingly,

IT IS ORDERED THAT:

(1) Fresenius's petition for a writ of mandamus is denied.

(2) Fresenius's motion for a stay pending resolution of the petition for writ of mandamus is moot.

(3) Fresenius's motion to voluntarily dismiss its appeal is granted.

(4) Baxter's motion to dismiss Fresenius's appeal is moot.

(5) Each side shall bear its own costs.