**STATE of Alaska, Petitioner,**

v.

**Byron KALMAKOFF, Respondent.**

**No. A–8911.**

Court of Appeals of Alaska.

Oct. 14, 2005.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes and David W. Márquez, Attorneys General, Juneau, for the Petitioner.

Quinlan Steiner, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

Alaska law allows a judge to waive juvenile jurisdiction over certain juvenile offenders so that they may be prosecuted as adults.[1] The judge is to waive juvenile jurisdiction if, after a hearing, the judge finds probable cause to believe that the minor has committed offenses that would be criminal if committed by an adult and that the minor was not amenable to treatment as a juvenile.[2]

Kalmakoff argues that this procedure is unconstitutional as a result of the United States Supreme Court's decision in *Blakely v. Washington.*[3] He contends that under *Blakely,* the decision about whether he was amenable to treatment as a juvenile had to be made by a jury, not by a judge; and the jury had to make this finding under a standard of beyond a reasonable doubt. We conclude that the *Blakely* decision does not apply to the Alaska juvenile waiver procedure.

---

1. AS 47.12.100.

2. *Id.*

3. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

*Factual and procedural background*

In his hometown of Pilot Point, 15–year–old Byron Kalmakoff murdered his aunt by shooting her twice in the head. He also sexually assaulted her as she lay dying. The State charged Kalmakoff as a juvenile with murder in the first degree,[4] murder in the second degree,[5] manslaughter,[6] sexual assault in the first degree,[7] sexual assault in the second degree,[8] theft in the second degree,[9] tampering with physical evidence,[10] kidnaping,[11] and burglary in the first degree.[12]

The State then filed a petition in the superior court to waive juvenile jurisdiction over Kalmakoff so that he could be prosecuted as an adult. Under Alaska law, had Kalmakoff been 16 years of age and charged with these offenses, he would have been charged as an adult.[13] But since he was under 16 years of age, the State was required to initially charge him as a juvenile. In order for the court to waive juvenile jurisdiction over Kalmakoff, the judge had to find, following a hearing, that there was probable cause for believing that Kalmakoff had committed offenses that would be criminal if he was an adult and that he was not amenable to treatment as a juvenile.[14] Because Kalmakoff's petition alleged that he had committed an unclassified felony, the rebuttable presumption was that he was not amenable to treatment as a juvenile.[15] The statute placed upon Kalmakoff the burden of proving that he was amenable to treatment as a juvenile.[16]

The statute defines a minor who is not amenable to treatment as one who "probably cannot be rehabilitated by treatment [as a juvenile] before reaching 20 years of age."[17] It states that the court "may consider the seriousness of the offense the minor is alleged to have committed, the minor's history of delinquency, the probable cause and the minor's delinquent behavior, and the facilities available to the department for treating the minor" in making this determination.[18]

Superior Court Judge Fred Torrisi conducted the waiver hearing. Following the hearing, Judge Torrisi concluded that Kalmakoff had not established that he was amenable to treatment as a juvenile before reaching age 20. He granted the State's petition to waive juvenile jurisdiction. Kalmakoff was then indicted for his crimes as an adult. A jury convicted Kalmakoff of murder in the second degree, manslaughter, kidnaping, first-degree sexual assault, second-degree sexual assault, second-degree theft, and tampering with physical evidence.

Prior to sentencing, however, Kalmakoff filed a motion to return jurisdiction to the juvenile court. Kalmakoff argued that the juvenile waiver procedure authorized by the Alaska statutes and applied by the superior court in his case violated the United States Supreme Court's decision in *Blakely v. Washington*.[19] In *State v. Gibbs*,[20] we described *Blakely* and its predecessor, *Apprendi v. New Jersey*, as follows: In *Apprendi v. New Jersey*,[21] the United States Supreme Court held that, with the exception of a defendant's prior convictions, "any [disputed]

4. AS 11.41.100(a)(1)(A).

5. AS 11.41.110(a)(1) or (2).

6. AS 11.41.120(a)(1).

7. AS 11.41.410(a)(1) and/or (2).

8. AS 11.41.420(a)(1).

9. AS 11.46.130(a)(2).

10. AS 11.56.610(a)(1) and/or (4).

11. AS 11.41.300(a)(1)(c).

12. AS 11.46.300(a)(1).

13. AS 47.12.030.

14. AS 47.12.100.

15. AS 47.12.100(c)(2)(A).

16. *Id.*

17. AS 47.12.100(b).

18. *Id.*

19. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

20. 105 P.3d 145 (Alaska App.2005).

21. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[22] In *Blakely,* the Supreme Court clarified that, for purposes of *Apprendi,* the "statutory maximum" is the maximum term of imprisonment that a judge may lawfully impose *"solely on the basis of the facts reflected in a jury verdict or admitted by the defendant."*[23] Kalmakoff argued that, under the reasoning of the *Apprendi* and *Blakely* decisions, because the waiver hearing exposed him to a greater potential penalty, the court had no authority to waive him to adult court unless the State proved, to a jury, beyond a reasonable doubt, that Kalmakoff was not amenable to treatment as a juvenile.

Judge Torrisi granted Kalmakoff's motion. Judge Torrisi recognized that the great weight of authority was contrary to his position, but he concluded that the reasoning of *Apprendi* and *Blakely* applied to juvenile waiver hearings. He accordingly granted Kalmakoff's motion, vacated his prior order, and scheduled a date for a jury to determine whether Kalmakoff was not amenable to treatment as a juvenile. The State then petitioned us to review Judge Torrisi's order vacating the waiver of juvenile jurisdiction. We now reverse Judge Torrisi's order.

### Why we reverse Judge Torrisi's order

Had Kalmakoff been prosecuted as a juvenile, Kalmakoff would have been subject to State jurisdiction only until he was 19 years old unless the State could show that State jurisdiction for an additional year was in Kalmakoff's best interest and if Kalmakoff consented to the additional year of supervision.[24] But as an adult, Kalmakoff faced a minimum sentence of imprisonment of 10 years and a maximum sentence of 99 years for his conviction of murder in the second degree alone.[25] Therefore, Judge Torrisi's

finding that Kalmakoff was not amenable to treatment as a juvenile, which resulted in the waiver of juvenile jurisdiction, greatly increased the maximum sentence which Kalmakoff faced. Kalmakoff argues that under *Apprendi* and *Blakely,* the finding that he was not amenable to treatment as a juvenile was a factual finding which increased the maximum penalty which he faced. He therefore maintains that the decision had to be made by a jury applying a beyond a reasonable doubt standard.

All of the cases which the parties have cited and all of the cases we have found are cases decided under *Apprendi v. New Jersey, Blakely's* predecessor. Among these cases there is support for Kalmakoff's contention only in a decision by the Supreme Court of Massachusetts, *Commonwealth v. Quincy Q.*[26] Under Massachusetts law, a defendant faces more severe sentencing if he is found to be a "youthful offender." To show that a minor is a "youthful offender," the State must prove that the child was between the ages of 14 and 17 years old when he committed the alleged offense; that the offense was punishable by imprisonment in state prison (that is, the offense was a felony); that the child had previously been committed for being a delinquent; and that the child's offense involved certain firearms violations or that the offense involved the infliction or threat of serious bodily harm.[27] The court held that, under *Apprendi,* all of the findings necessary to find that the defendant was a "youthful offender" had to be found by a jury beyond a reasonable doubt.[28] Although it is true that the Massachusetts procedure for waiving juvenile jurisdiction differs from Alaska's (in that the determination of whether to punish an offender as an adult is made only after the trial is concluded), the reasoning of the Massachusetts's court supports Kalmakoff's argument.

---

**22.** *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63.

**23.** *Blakely,* 542 U.S. at 303, 124 S.Ct. at 2537 (citations omitted) (emphasis in original).

**24.** AS 47.12.160(c).

**25.** AS 12.55.125(b).

**26.** 434 Mass. 859, 753 N.E.2d 781 (Mass.2001).

**27.** *Quincy Q,* 753 N.E.2d at 789–90.

**28.** *Id.*

However, all of the other decisions that we have found conclude that the reasoning of *Apprendi* does not apply to juvenile waiver proceedings.[29] We note that one of these decisions is from the Ninth Circuit Court of Appeals.[30] We also note that the Supreme Court of Kansas concluded that *Apprendi* did not apply to juvenile waiver hearings and that the United States Supreme Court denied certiorari.[31] While this certainly does not establish that the United States Supreme Court will not reach a different conclusion following its decision in *Blakely*, the overwhelming weight of authority at this time concludes that *Apprendi* does not apply to juvenile waiver hearings. In general, these courts have held that *Apprendi* does not apply to a juvenile waiver proceeding because it is not a sentencing proceeding, but rather a determination of the court's jurisdiction. And the reasoning of these decisions that juvenile waiver hearings are not sentencing proceedings and therefore not governed by *Apprendi*, appears to foreshadow that courts will not arrive at a different decision following *Blakely*.

We see no reason to depart from the great weight of authority. The Alaska Legislature has established a rational procedure for courts to use in determining when to waive juvenile jurisdiction to allow the State to prosecute a juvenile as an adult. We are to presume that a statute passed by the legislature is constitutional.[32] And the great weight of authority holds that the procedure that the legislature has established is constitutional. At oral argument, Kalmakoff conceded that the State could constitutionally establish a procedure where a juvenile would have been automatically prosecuted as an adult or a procedure where a prosecutor could determine whether to prosecute the juvenile as an adult. (This decision would be similar to a decision which prosecutors make routinely—whether to prosecute an offense as a misdemeanor or a felony.) Under either of these procedures, Kalmakoff would have far fewer procedural protections, such as the right to have a lawyer represent him and the right to present evidence at a hearing in front of a judge, than he does under the current law. Therefore, Kalmakoff's claim that the current system violates his constitutional rights actually could result in far fewer procedural protections for juveniles facing a waiver of juvenile jurisdiction if the legislature chose to take those actions. Given this concession, which is sound, the balance that the legislature has chosen appears to us to be

**29.** *See United States v. Juvenile,* 228 F.3d 987, 990 (9th Cir.2000) (rejecting the claim that juvenile transfer increases punishment and holding that it "merely establishes a basis for district court jurisdiction."); *United States v. Miguel,* 338 F.3d 995, 1004 (9th Cir.2003) ("by its own terms *Apprendi* does not apply to [juvenile transfer proceedings] ... [because] the transfer proceedings establish[ ] [only that] the district court [has] jurisdiction over the defendant."); *United States v. Phillip A.B.L.,* 100 Fed.Appx. 687, 689, 2004 WL 1255300 (9th Cir.2004) (same); *State v. Rodriguez,* 205 Ariz. 392, 71 P.3d 919, 927–28 (App. 2003) (holding that a juvenile transfer statute "is not a sentence enhancement scheme and, therefore, does not implicate *Apprendi* ... [because it] does not subject [a] juvenile to enhanced punishment; it subjects the juvenile to the adult criminal justice system."); *People v. Beltran,* 327 Ill.App.3d 685, 262 Ill.Dec. 463, 765 N.E.2d 1071, 1076 (2002) (*Apprendi* does not apply because such hearings are "dispositional, not adjudicatory."); *In re Matthew M.,* 335 Ill.App.3d 276, 269 Ill.Dec. 251, 780 N.E.2d 723, 733–34 (2002) (same); *People v. Perea,* 347 Ill.App.3d 26, 282 Ill.Dec. 730, 807 N.E.2d 26, 41–42 (2004) (same); *State v. Jones,* 273 Kan. 756, 47 P.3d 783, 797–98 (2002) (*Apprendi* does not apply to juvenile waiver hearings because they only determine "which system will be appropriate for a juvenile offender."), *cert. denied,* 537 U.S. 980, 123 S.Ct. 444, 154 L.Ed.2d 341 (2002); *State v. Williams,* 277 Kan. 338, 85 P.3d 697, 707 (2004) (same); *State v. Mays,* 277 Kan. 359, 85 P.3d 1208, 1216 (2004) (same); *State v. Hartpence,* 30 Kan.App.2d 486, 42 P.3d 1197, 1205 (2002) (same); *Caldwell v. Commonwealth,* 133 S.W.3d 445, 452–53 (Ky.2004) (in analyzing its own automatic transfer statute the court held that "*Apprendi* does not apply to juvenile proceedings."); *State v. Gonzales,* 130 N.M. 341, 24 P.3d 776, 783–85 (App.2001) (holding that *Apprendi* does not apply to its own automatic transfer statute); *State v. H.O.,* 119 Wash.App. 549, 81 P.3d 883, 885 (2003) (*Apprendi* does not affect the burden of proof required in order to decline juvenile jurisdiction over an underage offender); *State v. Oliver,* 118 Wash.App. 1067, *3–4, 2003 WL 22329282 (2003) (same) (unpublished opinion).

**30.** *United States v. Miguel,* 338 F.3d 995, 1004 (9th Cir.2003).

**31.** *Jones,* 47 P.3d at 797–98.

**32.** *Nason v. State,* 102 P.3d 962, 964 (Alaska App.2004) (citation omitted).

rational. We would only change this balance if we were convinced that the United States or Alaska Constitution required us to change it. Because the great weight of authority supports the constitutionality of the State's juvenile waiver procedure, we uphold it.

We accordingly conclude that Judge Torrisi erred when he entered his order vacating his prior decision waiving juvenile jurisdiction over Kalmakoff. We remand the case to the superior court for sentencing.

REVERSED and REMANDED.