**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10357 |
| Plaintiff - Appellee, | DC No. Cr. 2:09-0057 RLH |
| v. | MEMORANDUM[*] |
| WILLIE ALLEN DILLARD, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted July 20, 2012[**]
San Francisco, California

Before:    TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Willie Allen Dillard challenges the district court's decision to apply the

Armed Career Criminal Act ("ACCA") enhancement at his sentencing on his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

conviction of felon-in-possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and we affirm.

Dillard's basic contention is that one of the predicate convictions supporting the district court's application of the ACCA enhancement – a conviction obtained when Dillard was seventeen years old after a Nevada juvenile court had certified him to be tried as an adult – is not a "prior conviction" within the meaning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We disagree. Dillard does not deny that this conviction was obtained in state-court criminal proceedings that afforded him every necessary procedural protection; the conviction is therefore subject to the exception to *Apprendi*'s general holding. *See United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2000) ("*Apprendi* held that *all* prior convictions – not just those admitted on the record – were exempt from *Apprendi*'s general rule and . . . may continue to be treated as sentencing factors.").

True, the decision to try Dillard as an adult was made in juvenile court by a judge (not a jury), in the exercise of discretion (not beyond a reasonable doubt). But nothing in *Apprendi* or its Ninth Circuit progeny suggests that this certification decision should affect whether Dillard's prior conviction is treated as a "prior conviction" under *Apprendi.* Dillard's certification was not a final adjudication of the charge against him; it was merely a decision about the forum in which to

2

conduct that adjudication. *See In re Three Minors*, 684 P.2d 1121, 1124 (Nev. 1984) ("Transfer proceedings are essentially dispositional in nature and not adjudicatory. No determination of guilt or innocence is made."), *disapproved of on other grounds by In re William S.*, 132 P.3d 1015 (Nev. 2006); *cf. United States v. Mitchell H.*, 182 F.3d 1034, 1035 (9th Cir. 1999) (stating that a federal "juvenile transfer hearing is not itself a criminal proceeding"). When Dillard's case was adjudicated in Nevada state court, the adjudication undoubtedly afforded him the "crucial procedural protections," *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001), that *Apprendi* "prior convictions" require.

Dillard also argues that he was compelled to incriminate himself and "may not have had" counsel during the certification proceedings, and that these constitutional violations so tainted the ensuing conviction that it cannot properly form the basis for a sentence enhancement under the ACCA. But Dillard failed to meet his burden to show that he had actually been denied counsel. *See United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir. 1993). Moreover, Dillard's self-incrimination claim is exactly the kind of collateral attack *Custis v. United States*, 511 U.S. 485, 487 (1994), puts off-limits. In any event, by pleading guilty in state court, Dillard waived both claims. *See Harris v. Procunier*, 498 F.2d 576, 579 (9th Cir. 1974) (en banc) (holding that, even if the state failed to provide a defendant

3

with counsel at the time of his juvenile court appearance, he waived any constitutional objection by pleading guilty in an adult court "with all constitutional safeguards present").

Finally, to the extent Dillard is contending that the fact of his certification is itself an *Apprendi* fact – *i.e.*, that because certification increased Dillard's maximum penalty, it should have been decided by a jury beyond a reasonable doubt – his contention is unavailing. *Cf. United States v. Miguel*, 338 F.3d 995, 1004 (9th Cir. 2003) ("*Apprendi* does not require that a jury find the facts that allow the transfer to district court. The transfer proceeding establishes the district court's jurisdiction over a defendant. . . . Thus, we have refused to view the transfer statute as one that increases the potential penalties for a crime."); *see also United States v. Juvenile*, 228 F.3d 987, 990 (9th Cir. 2000) ("The transfer statute does not *per se* increase punishment; it merely establishes a basis for district court jurisdiction of prosecutions to which it applies." (internal quotation marks omitted)).

**AFFIRMED.**